UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-477 AGF |
| | ) | |
| DENISE HACKER, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of a document filed by petitioner Kevin D. McGee that appears to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons discussed below, petitioner will be ordered to file an amended petition on a Court form. He will also be directed to either file a motion for leave to proceed *in forma pauperis* or pay the filing fee.

**Discussion**

Petitioner is a self-represented litigant who is currently in custody at the Southeast Missouri Mental Health Center in Farmington, Missouri. On April 21, 2022, he filed a handwritten document on thirty pages of notebook paper styled, "Petition for a Writ of Habeas Corpus, Petitioner's Reply Brief and Argument." ECF No. 1. Subsequent to his original filing, he submitted approximately eighteen pages of "Exhibit Briefs." ECF No. 2.

Petitioner asserts he was denied his "non-waivable right to be competent at his plea bargain." *Id.* at 5. Due to the length and formatting of the original filing and exhibits, it is difficult for the Court to decipher all of petitioner's arguments and grounds for relief. In some sections it appears he is responding to a previously briefed issue of procedural default. *See id.* at 6

("Respondents, chiefly argue[] that Mr. McGee's claim is procedurally defeated and that his procedural default is inexcusable[.]"); *Id.* at 18 ("Respondents argue[] that due to counsel's failings, Mr. McGee is barred by the doctrine of self-invited error."). Consequently, the Court is not confident whether the instant filing is petitioner's attempt to file a new petition for habeas corpus or if his intention is to file a motion for reconsideration or an appeal in one of his previously closed cases.[1]

Additionally, because the instant filing is not on a Court form, it is missing relevant procedural information about petitioner's case. In particular, it is unclear what state case he is actually attempting to challenge. As such, the Court will direct the Clerk of Court to send to petitioner a copy of the Court's 28 U.S.C. § 2254 form. If petitioner is intending to file a new petition for habeas corpus, he must fill out the form in its entirety and return it to the Court. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Plaintiff should not include any exhibits or attachments to the Court's 28 U.S.C. § 2254 form.

Petitioner is advised that in filling out his § 2254 form, he must make clear the conviction he is challenging. If petitioner is seeking conditional or unconditional release from confinement pursuant to Mo. Rev. Stat. § 552.040, he must demonstrate that he has exhausted his state court

---

[1] Petitioner has previously sought habeas corpus relief in this Court. *See, e.g.*, *McGee v. Reeves*, 4:97-CV-1703 FRB (E.D. Mo. 1997); *McGee v. State of Missouri*, 4:97-CV-1935 FRB (E.D. Mo. 1997); *McGee v. Limbaugh*, 4:97-CV-2299 TIA (E.D. Mo. 1997); *McGee v. Limbaugh*, 4:97-2384 CAS (E.D. Mo. 1997); *McGee v. Menditto*, 4:04-CV-139 CAS (E.D. Mo. 2004); *McGee v. Menditto*, 4:05-CV-528 FRB (E.D. Mo. 2005); *McGee v. Ring*, 4:09-CV-821 CAS (E.D. Mo. 2009); *McGee v. Schmitt*, 4:16-CV-1093 CEJ (E.D. Mo. 2016); *McGee v. Stringer*, 4:17-CV-258 ACL (E.D. Mo. 2017); *McGee v. Schmitt*, 4:17-CV-2366 NCC (E.D. Mo. 2017); *McGee v. Hacker*, 4:19-CV-1205 HEA (E.D. Mo. 2019); *McGee v. Schmidtt*, 4:19-CV-3214 SRC (E.D. Mo. 2019); *McGee v. Inman*, 4:20-CV-345 SRC (E.D. Mo. 2020); *McGee v. Inman*, 4:20-CV-720 NAB (E.D. Mo. 2020); and *McGee v. Hacker*, 4:20-CV-1575 NAB (E.D. Mo. 2020). He recently filed a document titled, "Objection of Time-Barred Statutory Interpretation Substantial Justice Integrity of Trial Substantial Justice," which the Court has construed as a § 2254 petition. *McGee v. Hacker*, 4:22-CV-604 SRW (E.D. Mo. 2022). He has also filed several other civil actions.

remedies before filing this action. *See Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996) (stating that a petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief).

Petitioner will be given thirty days in which to comply. Failure to submit an amended petition on a Court form within **thirty (30) days** will result in the dismissal of this action without prejudice and without further notice.

The Court notes that petitioner has also failed to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. The Court will direct the Clerk of Court to send to petitioner a copy of the Court's motion to proceed *in forma pauperis* form. Petitioner will be given **thirty (30) days** in which to return the form or pay the filing fee. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's 28 U.S.C. § 2254 form.

**IT IS FURTHER ORDERED** that petitioner must file an amended 28 U.S.C. § 2254 petition within **thirty (30) days** of the date of this order. The amended petition should *not* include any exhibits or supplements.

**IT IS FURTHER ORDERED** that within the amended petition, petitioner shall set forth his efforts at exhausting his administrative remedies.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's motion to proceed *in forma pauperis* form.

**IT IS FURTHER ORDERED** that petitioner shall either submit a motion for leave to proceed *in forma pauperis* or pay the $5 filing fee within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 13th day of July, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE